UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL F. SOARES,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MONTEREY, et al.,<br><br>    Defendants. | Case No.  5:24-cv-05131-EJD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 11 |

On August 14, 2024, pro se Plaintiff, Paul F. Soares ("Soares"), initiated the present action against the City of Monterey ("the City") and the City's employees, Randy Sweet ("Sweet") and Irma Camacho ("Camacho"), (collectively, "Defendants") alleging that Defendants unlawfully searched his property in violation of his Fourth Amendment right to be free from unreasonable search and seizure, among other claims.  Compl., ECF No. 1.

Before the Court is Soares's *Ex Parte* Application for Temporary Restraining Order and Permanent Injunction ("TRO Application").  *Ex Parte* Appl. for TRO and Perm. Injunction ("TRO Appl."), ECF No. 11.  For the reasons discussed below, Soares's TRO Application is **DENIED**.

I.  **BACKGROUND**

Soares raises nine claims against Defendants, including claims for due process violations, conspiracy to violate his constitutional rights, false representation of a police officer, and personal injury.  However, Soares's TRO Application only requests temporary injunctive relief as to his first claim, unlawful search in violation of the Fourth Amendment.  *See* TRO Appl.  Therefore, the Court will only summarize the facts relevant to Soares's Fourth Amendment claim.

Soares owns a historical private residence in the City of Monterey that was converted from

Case No.: 5:24-cv-05131-EJD
ORDER DEN. EX PARTE APPL. FOR TRO

1

a single family residence to a mixture of short and long term rental units in the 1940s.  *Id.* ¶¶ 29, 30, 57.  Soares lives in one of the short term units on his property.  *Id.* ¶ 30.

The City allegedly made zoning changes in 1986 and passed an ordinance[1] in 1991 that prohibited the rental of short term units.  *Id.*, at 1.  In 2021, Soares alleges that the City's police department conducted an illegal search of Soares's property to enforce the 1991 zoning ordinance.  *Id.* ¶ 58.  Despite having a warrant that only allowed the search of a single residence, Soares alleges that the police searched multiple long and short term units, removing the hinges of residents' doors to enter private rooms and apartments without authorization.  *Id.* ¶¶ 58, 62.

Soares also alleges that, during the years 2016 through 2024, Sweet and Camacho have entered his property "on multiple occasions" without a warrant for the purpose of determining whether there were any short term tenants.  *Id.* ¶ 53.  After entering the property without consent, Soares alleges that Camacho and Sweet knocked on tenant doors on the first and second floors stating that they were code enforcement officers investigating short term rentals.  *Id.* ¶ 56.

Soares now seeks a TRO restraining Defendants from continuing to enter Soares's property in violation of his constitutional rights.  *See* TRO Appl.

## II.  LEGAL STANDARD

The purpose of a temporary restraining order is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).  Any temporary restraining order, therefore, is a temporary measure to protect the applicant's rights until a hearing can be held.  A temporary restraining order is "not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of

---

[1] Soares brings additional claims arising from this zoning ordinance, including claims that his property should have been permitted to continue renting short term units and that he did not receive proper notice of the zoning ordinance changes.  *See, e.g.,* Compl. ¶¶ 6, 7, 28, 32, 35.  However, for the reasons explained below, these claims and additional facts are not relevant to the Court's analysis of Soares's Fourth Amendment claim for purposes of this TRO Application, and therefore the Court need not discuss them at this time.

Case No.:   5:24-cv-05131-EJD
ORDER DEN. EX PARTE APPL. FOR TRO

rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (citation omitted).

Under Federal Rule of Civil Procedure 65(a), an applicant is entitled to a temporary restraining order upon demonstrating four factors: (1) the applicant "is likely to succeed on the merits"; (2) the applicant "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) the balance of equities favors the requested preliminary relief; and (4) the "injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Federal Rule of Civil Procedure 65(b) allows a court to grant a temporary restraining order without notice to the adverse party if: "(1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adversary party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Pro se pleadings are "liberally construed." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, pro se plaintiffs "must follow the same rules of procedure that govern other litigants," and the Court may not "supply essential elements of the claim that were not initially pled." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

The Court finds that Soares failed to establish the four *Winter* factors.

Beginning with the first factor, the Court finds that Soares failed to show that he is likely to succeed on his Fourth Amendment claim as currently pled.

Soares brings his Fourth Amendment claim pursuant to 42 U.S.C. § 1983. "To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. A "search"

Case No.: 5:24-cv-05131-EJD
ORDER DEN. EX PARTE APPL. FOR TRO

3

1  under the Fourth Amendment "occurs when the government invades an area in which a person has
2  a reasonable expectation of privacy." *Mendez v. Cty. of Los Angeles*, 815 F.3d 1178, 1187 (9th
3  Cir. 2016). It is widely established that nowhere is this expectation greater, or the "protective
4  force of the Fourth Amendment more powerful[,] than within the sanctity of the home." *United*
5  *States v. Crapser*, 472 F.3d 1141, 1157 (9th Cir. 2007). These protections also extend to the area
6  immediately adjacent to a home, known as the "curtilage." *Mendez*, 815 F.3d at 1187 (9th Cir.
7  2016) (citing *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010)).

8      Here, Soares alleges that the City unlawfully searched Soares's property without a search
9  warrant in 2021, and all Defendants searched Soares's property "multiple times in the years 2016
10  through 2024." Compl. ¶¶ 86, 87. The Court finds that these facts fail to state a claim that is
11  likely to succeed for two reasons.

12      First, Soares's claim arising from the 2021 search is likely time-barred by the statute of
13  limitations. "It is well-established that claims brought under § 1983 borrow the forum state's
14  statute of limitations for personal injury claims, and in California, that limitations period is two
15  years." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026–27
16  (9th Cir. 2007) (internal citations omitted). "Generally, the statute of limitations begins to run
17  when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza*
18  *Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir.1991).

19      Soares alleges that the City's police department carried out an unlawful search of his
20  property in 2021, but his complaint was filed on August 14, 2024, well beyond the two-year
21  statute of limitations. While Soares may raise arguments to overcome the statute of limitations
22  (i.e., the discovery rule or the equitable tolling doctrine), as currently pled, the Court finds that
23  Soares's Fourth Amendment claim based on the 2021 search is not likely to succeed.

24      Second, Soares's allegations regarding the continuous searches from 2016 through 2024
25  are insufficient to state a claim. All claims in federal court are subject to the pleading
26  requirements in Federal Rule of Civil Procedure 8(a), which requires a plaintiff to plead each
27  claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

Soares alleges that Sweet and Camacho unlawfully entered his property without a warrant on multiple occasions over the course of eight years to determine whether there were any short term tenants. *Id.* ¶ 53. However, to meet his pleading standard and put Defendants on notice of the basis for Soares's claim, Soares must describe with more detail each instance where Defendants conducted an unlawful search in order to show *how* each specific search violated the Fourth Amendment. As currently pled, the Court cannot discern, for example, how many searches occurred, when each search occurred, or what part of the property Defendants entered during which specific search. Accordingly, the Court finds that Soares's failure to plead facts sufficient to state a claim precludes the Court from finding that Soares's claim is likely to succeed.

Regarding the remaining *Winter* factors, because the Court found that Soares failed to establish the likelihood of success on his Fourth Amendment claim, the Court need not address the three remaining factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation marks and brackets omitted) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the Court] need not consider the remaining three *Winter* elements"). However, the Court also notes that, absent sufficient facts regarding the recent and ongoing searches, the Court also cannot find that Soares would suffer irreparable harm absent immediate injunctive relief.

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Soares's TRO Application.

**IT IS SO ORDERED.**

Dated: September 17, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-05131-EJD
ORDER DEN. EX PARTE APPL. FOR TRO

5