UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL F. SOARES,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MONTEREY,<br><br>    Defendant. | Case No.  5:24-cv-05131-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 28 |

Pro se Plaintiff Paul F. Soares ("Soares") brings this 42 U.S.C. § 1983 suit against Defendant City of Monterey ("the City") alleging that the City violated his rights under the Fourth, Fifth, and Eighth Amendments by issuing citations regarding his short-term rental units, sending the citation notices to the incorrect address, and illegally searching his property. Compl., ECF No. 1.[1]  Before the Court is the City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 28; Opp'n, ECF No. 42; Reply, ECF No. 47.

After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the following reasons, the Court **GRANTS** the City's motion to dismiss with leave to amend.

Before the Court begins, the Court encourages Soares to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves. Help is provided by appointment and on a drop-in basis. The

---

[1] The Complaint lists additional claims in the heading but not in the body of the Complaint. The Court will also not examine the claims or additional Defendants that Soares has since voluntarily dismissed, which are discussed further below.

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
1

1  program is located in the United States Courthouse at 280 South 1st Street in San Jose, and parties

2  may make appointments by calling (408)297-1480.  Soares may access the court's Handbook

3  for Pro Se Litigants, available at https://cand.uscourts.gov/pro-se-litigants/ or from the Clerk's

4  Office.  Additional information regarding the Federal Pro Se Program is available

5  at http://cand.uscourts.gov/helpcentersj.

## I. BACKGROUND

### A. Factual Background

Soares alleges that in 1985 he purchased a historical private residence in the City of Monterey that was converted from a single-family residence to a mixture of short- and long-term rental units in the 1940s. *Id.* ¶¶ 29, 30, 57.  Soares lives in one of the short-term units on his property. *Id.* ¶ 30.

The City made zoning changes in 1986 and passed an ordinance in 1991 that prohibited the rental of short-term units, with the exception of properties zoned as a Visitor Accommodation Facility ("VAF"). *Id.* ¶ 4.  Soares alleges he did not receive notice of the 1986 or 1991 zoning and ordinance changes, and his property should have been classified as a VAF when these changes went into effect. *Id.* ¶¶ 5, 6.  The 1991 ordinance also had a grandfather clause providing that properties such as Soares's could continue operating as short-term rental units until 1996. *Id.* ¶ 40. Soares alleges he communicated with the City's Planning Director in 1991, who guaranteed that his property was on the grandfathered property list and informed him that they would reach out if there was any additional paperwork to be done. *Id.* ¶ 41.  Soares alleges that he never heard from the Planning Director again and was never informed that the grandfather clause ended in 1996. *Id.* ¶¶ 43–46.  The City Attorney allegedly disclosed the five-year limit on grandfather eligibility for the first time in July 2024, when the City sued Soares for $45,000 in un-paid citation fees, which will be discussed further below. *Id.* ¶ 46.  In 2017, the City prohibited advertisements of short-term residential rentals. Req. for J. Notice, ECF No. 29-5. [2]

---

[2] The Court grants the City's requests the Court take judicial notice of the City's complaint for collection of unpaid administration citation fines in Monterey Superior Court, Case No. 24-cv-

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
2

The City began enforcing the 1986 and 1991 zoning change and ordinance around 2016. Compl. ¶ 11. Soares alleges the City wrote administrative citations to Soares for his advertisement of short-term rentals in 2016–2017 and mailed them to an incorrect address. *Id.* ¶ 26. This matter was "resolved"[3] in 2018, and Soares provided the City with his correct address. *Id.*, at 2. In 2017–2018, Soares alleges that alleges City code enforcers[4] misrepresented themselves as peace officers and threatened to issue him misdemeanor citations because of his short-term rental units. *Id.* ¶¶ 12–20. Soares also alleges that, during the years 2016 through 2024, the code enforcers entered his property "on multiple occasions" without a warrant for the purpose of determining whether there were any short term tenants. *Id.* ¶ 53.

In 2019, Soares filed his third Chapter 11 Bankruptcy case, which discharged on June 23, 2021. *Id.* ¶ 64.[5] There are no allegations of unlawful conduct during this time.

Sometime in 2021, Soares alleges that the City's police department conducted an illegal search of his property to enforce the 1991 ordinance. *Id.* ¶ 58. Despite having a warrant that only allowed the search of a single residence, Soares alleges that the police searched multiple long- and short-term units, removing the hinges of residents' doors to enter private rooms and apartments without authorization. *Id.* ¶¶ 58, 62.

The City began issuing further citations to Soares for advertising short-term rentals in 2021–2024 and again sent the notices to the incorrect address. *Id.* ¶ 27. In July 2024, the City filed suit in Monterey Superior Court for non-payment of the 2021–2024 citations, seeking payment in excess of $45,000 ("state court action"). Soares alleges he only received notice of these citations and the fact that the grandfather clause had ended for the first time when he learned of the City's recent lawsuit against him. *Id.* ¶¶ 46–49. Approximately one month later, Soares

---

002533 ("state court action"), as well as the City's various ordinances and supplemental regulations and a GIS County Assessor Record. Req. for J. Notice, ECF No. 29. The Court finds these documents capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned pursuant to Fed. R. Civ. P. 201.
[3] Soares did not allege additional facts regarding the resolution of these citations in his Complaint.
[4] Soares voluntarily dismissed these individuals from this action. ECF Nos. 43, 44.
[5] Soares had also filed for Bankruptcy in 2009 and 2017. Opp'n 10.

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
3

filed his Complaint in this Court on August 14, 2024.

### B. Procedural Background

Shortly after initiating this case, Soares filed an ex parte application for a TRO and PI on September 3, 2024. ECF No. 11. Soares sought an order enjoining Defendants from unlawfully searching his property without a warrant. *Id.* The Court denied Soares's motion on September 17, 2024 ("Prior Order"), finding that Soares's claim for unlawful search in violation of the Fourth Amendment was likely time-barred, and he failed to plead with sufficient specificity other searches that have occurred within the two-year statute of limitations. Prior Order, ECF No. 26.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
4

### III. DISCUSSION

Soares recently filed notices of dismissal as to former individual defendants Randy Sweet and Patty Camacho and informed the Court that he would like to dismiss his claims for Conspiracy, Neglect for Prevent Conspiracy, Trespass, and False Representation of a Police Officer. ECF Nos. 43, 44, 50. Accordingly, the Court will not examine arguments regarding these former defendants or voluntarily dismissed claims.

The City is now the sole remaining defendant and argues that Soares failed to state a claim under 42 U.S.C. § 1983 for violations of: (1) the Fourth Amendment's prohibition on illegal searches, (2) the Fifth Amendment's due process clause, and (3) the Eighth Amendment's excessive fines clause. The Court will examine each claim in turn.

#### A. Statute of Limitations

As an initial matter, however, the Court first addresses the City's arguments regarding the statute of limitations. Soares filed the present action on August 14, 2024, and brings claims arising from various conduct that occurred between 2016 and 2024.

"It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026–27 (9th Cir. 2007) (internal citations omitted). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir.1991).

The Court finds at this time that Soares's claims for conduct occurring prior to August 14, 2022, are barred by the statute of limitations. As the Court noted in its Prior Order, there can be exceptions to statutes of limitations, and Soares argues in his opposition that the statute of limitations here was tolled due to his Bankruptcy proceedings and COVID, as well as his lack of notice regarding the existence of the 1986 zoning change and 1991 ordinance. Regarding tolling, even if Soares's claims were tolled due to his Bankruptcy proceedings, these terminated in 2021; therefore, Soares would have been required to file claims for conduct prior to 2021 by 2023.

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
5

Soares also does not explain why COVID tolled his claims, or for how long. Regarding his knowledge of the 1986 and 1991 ordinances, the Complaint contains conflicting information. Though Soares alleges he did not have notice of the 1986 and 1991 changes, Soares also alleges that he communicated with the City's Planning Director in 1991, who guaranteed his property was included in the 1991 ordinance's grandfather clause. Regardless, "[i]t is well established that persons owning property within a State are charged with knowledge of relevant statutory provisions affecting the control or disposition of such property." *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982).

The Court notes that the statute of limitations may be impacted by Soares's allegation that he did not receive notice of the 2021–2024 citations until July 2024 because the City mailed them to the wrong address. However, as currently pled, the circumstances of this are unclear. For example, Soares does not allege where the citations were sent, whether he had knowledge of the citations despite them being sent to the wrong address, whether he had no other information what would have put him on inquiry notice of the citations, etc.

Therefore, the Court finds claims arising from conduct prior to August 14, 2022, untimely and **GRANTS** the City's motion to dismiss these claims with leave to amend. *Lopez*, 203 F.3d at 1127. Should Soares choose to amend his Complaint, he may include additional allegations regarding when he became aware of the 2021–2024 citations.

### B. Fourth Amendment Unlawful Search Claim

The Court previously examined Soares's Fourth Amendment claim in its Prior Order and found that Soares failed to state a claim for two reasons—claims arising from a search conducted in 2021 were likely time-barred, and the allegations of continuous searches from 2016 to 2024 were vague and failed to provide sufficient notice to the City.

As discussed above, the Court finds claims arising from the search conducted in 2021 barred under the statute of limitations. The Court also finds that the Complaint still lacks sufficient details about any additional searches that occurred within the statute of limitations. Further, now that the City is the sole defendant, the Court adds that Soares fails to allege facts

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
6

sufficient to state a claim against the municipality under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, a municipality may not be held liable under § 1983 for the conduct of its employees unless the municipality itself causes the constitutional violation through the execution of an official policy, practice, or custom. *Id.*; *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002). Accordingly, a § 1983 claim against a municipality may be brought in one of three circumstances: (1) a municipal employee committed the alleged constitutional violation "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity"; (2) the individual who committed the constitutional violation was an official with "final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy"; or (3) the plaintiff may demonstrate that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

Accordingly, for these reasons, and all other reasons stated in the Court's Prior Order, the Court **GRANTS** the City's motion to dismiss the Fourth Amendment claim with leave to amend. *Lopez*, 203 F.3d at 1127. Should Soares choose to amend his Complaint, he may include allegations regarding specific instances of searches occurring after August 14, 2022, and allegations explaining how the unlawful search constituted an official policy, custom, or practice of the City under *Monell*.

### C.   Fifth Amendment Due Process Claim

To the extent Soares alleges a "due process" violation under the Fifth Amendment, this claim fails as a matter of law because "due process of law is secured against invasion by the *federal* Government by the Fifth Amendment," not the state government. *Betts v. Brady*, 316 U.S. 455, 462 (1942) (emphasis added). However, given Soares's status as a pro se plaintiff, the Court will construe this claim as alleging a due process violation under the Fourteenth Amendment.[6]

---

[6] The Court need not examine the City's additional arguments regarding the Takings Clause of the Fifth Amendment because Soares did not explicitly raise this claim in his Complaint.

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
7

"To obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (internal alteration omitted) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

Soares alleges that the City violated his procedural due process rights by mailing the 2021–2024 citation notices to the wrong address, thereby denying his right to timely file an administrative appeal. Compl. ¶ 98. However, Soares also alleges that the City's 30-day period to file an administrative appeal has not yet commenced because the citations were not provided to Soares with proper notice. *Id.* ¶ 50. This suggests that Soares may still file his administrative appeal, despite the fact that the City mailed the notices to the incorrect address. Therefore, it is unclear which procedures, or lack of procedures, Soares alleges deprived him of due process and how.

Given this contradiction, the Court **GRANTS** the City's motion to dismiss this claim with leave to amend. *Lopez*, 203 F.3d at 1127. Should Soares choose to amend his Complaint, he may include allegations to show how the City deprived him of his right to appeal the citations.[7]

### D. Eighth Amendment Excessive Fines Claim

The Eighth Amendment's excessive fines clause "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (quoting *Browning–Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)) (emphasis removed). "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish."

---

[7] The City also summarily raises *Monell* arguments, stating only that, "[a]s set forth above, the Complaint fails to allege any facts adequate to state a claim for municipal liability under § 1983 against the City." Mot. 19. Presumably, the City's official administrative appeals procedure to dispute citations would constitute a "policy" for purposes of *Monell*, unless Soares alleges that the denial of his appeal deviated from the official appeals procedures of the City.

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
8

*United States v. Bajakajian*, 524 U.S. 321, 334 (1998).  "[A] punitive forfeiture"—which can include a civil penalty—"violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."  *Id.*; *see also U.S. Secs. & Exch. Comm'n v. Brookstreet Secs. Corp.*, 664 Fed. Appx. 654, 656 (9th Cir. 2016).

Here, Soares alleges that the fines assessed for citations from 2016–2024 are excessive.  Compl. ¶ 112.  In another part of the Complaint, Soares specifically references citations in 2016–2017 and 2021–2024.  *Id.* at 28.  The Court assumes these citations total to $45,000, the amount the City is currently suing Soares to recover in the state court action.  *Id.* at 47.[8]

The Court finds these allegations insufficient to state a claim for excessive fines under the Eighth Amendment.  Though the Court need not determine whether the fines were indeed excessive in this Rule 12(b)(6) motion, Soares still must present allegations to allow a factfinder to decide whether the fines are "grossly disproportional" to Soares's conduct, i.e., the number of citations that were issued, the alleged conduct underlying the citations, the amount of each fine, or the amount of the late penalties imposed, if any.  *See, e.g., Leon v. Hayward Building Dept.*, 2017 WL 3232486, *4 (ND Cal. 2017) ("[A] penalty of $10,000, say, may be an excessive response to one infraction, but may be constitutionally tolerable as an aggregate fine for multiple or persistently uncorrected violations.").  While the City's complaint in the state court action lists a number of citations issued between 2021–2024 and the amounts charged, ECF No. 29-6, if these are indeed the citations underlying Soares's claims, he must allege so in the Complaint.

Conversely, the Court notes that it finds the City's argument regarding the doctrine of exhaustion of administrative remedies unpersuasive.  The City relies on *Woodford v. Ngo*, 548 U.S. 81 (2006), to argue that Soares's Eighth Amendment claim must fail because he has not exhausted his administrative remedies with the City, i.e., the administrative appeals process.  However, *Woodford* examined the specific administrative exhaustion requirement under the Prison

---

[8] Soares clarifies in his opposition that he is challenging citations issued over three years from 2021–2024 totaling $45,000.  However, the Court examines the facts alleged in the Complaint rather than in the opposition.  If Soares files an amended complaint, he may include additional relevant allegations included in the opposition in his new complaint.

Case No.:   5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
9

1  Litigation Reform Act of 1995 ("PLRA"), finding that the petitioner had to exhaust his
2  administrative remedies in prison before bringing a claim that he had been excluded from
3  participating in religious activities. *Id.* at 88. Soares's claims do not fall under the PLRA. The
4  City cites to two other Supreme Court decisions that are similarly removed from the facts of this
5  case. The City first cites *McKart v. United States*, 395 U.S. 185, 193 (1969), a criminal case in
6  which the Supreme Court found that the petitioner was not required to exhaust his administrative
7  remedies with the armed forces before bringing a classification defense in his federal prosecution
8  for failure to report for his preinduction physical. The Court held that "the doctrine of exhaustion
9  of administrative remedies is well established in the jurisprudence of administrative law," *id.* at
10 193, but "[no] other cases decided by this Court[] stand for the proposition that the exhaustion
11 doctrine must be applied blindly in every case." *Id.* at 201. The City also cites *Parisi v.
12 Davidson*, 405 U.S. 34, 37 (1972), which examined the stay of a petitioner's federal habeas corpus
13 proceeding until the completion of an action taken by a military court. Ultimately, the City failed
14 to cite to a single case that held a plaintiff must exhaust all administrative remedies before
15 bringing an excessive fines claim under the Eighth Amendment. Such a case may exist, but it is
16 the City's job—not the Court's—to present it.

17 Accordingly, because Soares failed to plead facts sufficient to state a claim under the
18 Eighth Amendment, the Court **GRANTS** the City's motion to dismiss this claim with leave to
19 amend. *Lopez*, 203 F.3d at 1127. Should Soares choose to file an amended complaint, he may
20 include additional allegations regarding the challenged fees.

### E.  Concerns Regarding Parallel State Court Action

Before concluding, although not briefed, the Court is concerned that the parallel state court action for non-payment of the 2021–2024 citations may implicate the abstention doctrine or strain judicial resources under *Younger v. Harris*, 401 U.S. 37 (1971), *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), and *Landis v. North American. Co.*, 299 U.S. 248 (1936).

In *Younger*, the Supreme Court held that federal courts must abstain from cases that are

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
10

pending in state proceedings in certain narrow circumstances.[9] *Younger* abstention is appropriate only when the state proceedings: "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). In general, *Younger* abstention is "an extraordinary and narrow exception to the general rule" that "[a] federal court's obligation to hear and decide a case is virtually unflagging." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (internal quotation marks omitted).

Similarly, under *Colorado River*, considerations of "'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' may justify a decision by the district court to stay federal proceedings" pending the resolution of concurrent, parallel state court proceedings on the same matter. *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993)). Under this doctrine, "exact parallelism" is not required; "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir.1989) (citations omitted). *Colorado River* is also a narrow exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

Finally, under *Landis*, a federal court may stay a case pending resolution of a state court proceeding after weighing three competing interests: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

---

[9] Although *Younger* involved a parallel criminal state action, the Supreme Court has applied this doctrine in civil cases as well. *E.g., Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423 (1982); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005).

Case No.: 5:24-cv-05131-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
11

Should Soares choose to file an amended complaint, the Court **ORDERS** the parties to address these doctrines in any future responses to an amended complaint, focusing on whether Soares's claims regarding the 2021–2024 citation fees should be stayed or dismissed pending the outcome of the state court action.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** the City's motion to dismiss with leave to amend. Any amended complaint must remove the voluntarily dismissed claims and former defendants and include additional allegations to cure the deficiencies identified in this Order. The deadline to file an amended complaint is **June 5, 2025**.

**IT IS SO ORDERED.**

Dated: May 8, 2025

EDWARD J. DAVILA
United States District Judge